Dear Mr. Murchinson:
You have requested an opinion of the Attorney General regarding the legal authority of the City of Natchitoches (City) to pay its retired Mayor for accrued unused annual leave. In this connection, I have been provided with a copy of excerpts from the City's Personnel Policies Manual (Manual) which reflect the formal written policies relative to the accrual of, and payment for vacation time. We find the following provisions to be relevant to the issue at hand:
VACATIONS
 Vacation is a time for you to rest, relax, and pursue special interests. The city has provided paid vacation as one of the many ways in which we show our appreciation for your loyalty and continued service.
 Only regular full-time employees are eligible for paid vacation. You are not eligible for paid vacation during your Probationary Period. Nor are you eligible for paid vacation if you are a part-time or temporary employee.
 VACATION TIME ALLOWED
 Vacation time is provided each employee with the amount of vacation time determined by the number of years of continuous service with the City. Each full-time employee shall be entitled to annual leave with pay and will accrue leave in keeping with the following formula:
 1. During the first year and through the tenth year of employment . . . vacation will accrue at the rate of five (5) working days, forty (40) hours for each six (6) months of employment. . . .
 2. During the tenth year of employment through the twentieth year of employment, paid vacation will accrue at the rate of fifteen (15) working days (120 hours) per year. . . .
 3. During the twentieth year of employment and thereafter, each full-time employee will be entitled to four (4) weeks (160) hours of paid vacation annually. . . .
 ACCUMULATION RIGHTS
 Vacation time may be carried over and accumulated in subsequent calendar years up to 480 hours. In the event an employee accrues more than the maximum amount of 480 hours, at the time of his retirement or termination, that employee will only be paid up to 480 hours maximum. . . .
The Mayor accrued leave pursuant to the above policy from the date he took office. Leave records were independently maintained by the Payroll Supervisor, and leave was accrued per pay period, depending on the years of service. It should also be noted that, in addition to salary and accrued leave, the Mayor received the same benefits accorded other employees, including life insurance, retirement and holidays.
At the time of retirement, the Mayor had accrued unused annual leave in excess of 480 hours. You specifically ask whether the City can pay the Mayor for the maximum amount of vacation leave accrued in accordance with the City's policy (i.e., 480 hours).
The City's formal leave policy recognizes that the primary purpose of a vacation is to provide rest and relaxation. This office has previously opined that, unless the law authorizes the accumulation of leave, vacation days generally expire if they are not used. Obviously, the employee must be given the opportunity to take the leave. In the event the law is silent on accumulation, we must next look to the policies, customs, and/or practices of the City. Attorney General Opinion No. 92-383.
As noted above, the City's policy enables regular full-time employees to accrue vacation time and, upon retirement, be paid for unused vacation time up to a maximum of 480 hours. The issue of whether a mayor can be considered an "employee", thereby entitling him to said payment, was previously addressed by this office in Attorney General Opinion Nos. 89-222 and 96-391.
Opinion No. 89-222 held:
 The official vacation policy does not exclude elected officials, and no statutes regulating municipalities is noted containing such an exclusion. Because the legislation has not preempted by statute the right of [a] municipality to govern their own annual leave benefits, the vacation allowance policy adopted by the governing authority of the City of Minden is binding upon the municipality.
 Although not binding upon the City, the state annual leave policy (LSA-R.S. 42:421B) considers elected officials to be "employees" entitled to annual leave.
 In our opinion, the Mayor of the City of Minden is an employee of the City, who by the express terms of the official city vacation policy is entitled to that amount of annual leave there prescribed for his years of service. Like all employees under the policy, the Mayor may accumulate annual leave and such unused leave may be "applied upon termination or retirement".
Opinion No. 96-399 recognized the right of the City of Henderson to implement a formal policy authorizing the payment of accrued vacation leave to its mayor and city councilmen, provided that formal records were maintained to reflect that the leave was accrued and unused.
Finally, we direct your attention to Opinion No. 00-151. Therein, we held that an outgoing Parish President was entitled to payment for unused vacation time accrued pursuant to the Parish's formal written vacation policy.
Accordingly, it is the opinion of this office that the retired mayor is entitled to be paid for the 480 hours of unused vacation time accrued in accordance with the City's Personnel Policies Manual.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj